The **LUNDY PACKING COMPANY**, Petitioner,

v.

The **NATIONAL LABOR RELATIONS BOARD**, Respondent, Local 525, Meat & Allied Food Workers Union, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO, Intervenors.

No. 76–1330.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1976.

Decided Jan. 26, 1977.

---

Thomas G. Greaves, III, Mobile, Ala., James M. Miles, Greenville, S.C. (Haynsworth, Baldwin & Miles, Greenville, S.C., on brief), for petitioner.

Alan Banov, Atty., N. L. R. B. (John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D.C., on brief), for respondent.

Irving M. King, Chicago, Ill. (Thomas D. Allison, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., on brief), for intervenor.

Before WINTER and RUSSELL, Circuit Judges, and FIELD, Senior Circuit Judge.

PER CURIAM.

In this proceeding the petitioner-employer seeks to review and set aside an order of the National Labor Relations Board finding it guilty of unfair labor practices in a number of particulars and providing certain remedial relief.[1] The Board, in turn, cross-petitions for enforcement of its order, and Local 525, Meat, Food and Allied Workers Union, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO has intervened in support of the Board.

We enforce the order of the Board except for its finding that the speech of the petitioner's president to the employees was "unlawfully coercive" in violation of the Act. In our opinion such speech constituted protected speech and may not be found to be a violation of the Act. *NLRB v. Gissel Packing Co.* (1969) 395 U.S. 575, 616–20, 89 S.Ct. 1918, 23 L.Ed.2d 547; *N.L.R.B. v.*

*Threads, Incorporated* (4th Cir. 1962) 308 F.2d 1 at 8 and 9; *N.L.R.B. v. Ogle Protection Service, Inc.* (6th Cir. 1967) 375 F.2d 497 at 505. The other findings and conclusions of the Board, on the other hand, are supported by substantial evidence, and the order of the Board will be enforced as to them.

*ENFORCEMENT GRANTED IN PART AND DENIED IN PART.*